Filing # 142930525 E-Filed 01/31/2022 09:55:54 AM

IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
SMALL CLAIMS DIVISION

VANIA PALMER,

    Plaintiff,

v.                                                                              Case No.

RADIUS GLOBAL
SOLUTIONS LLC,

    Defendant.
_____/

### PLAINTIFF'S STATEMENT OF CLAIM

**COMES NOW**, Plaintiff, **VANIA PALMER** ("Ms. Palmer" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Statement of Claim against Defendant, **RADIUS GLOBAL SOLUTIONS LLC** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" as defined by 15 U.S.C. § 1692a(5) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), where Defendant communicated information in connection with the collection of the subject alleged Debt with person(s) other than Ms. Palmer, her attorney, or a consumer reporting agency without prior consent of Ms. Palmer given directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy.

## Jurisdiction and Venue

2. This is an action for damages that does not exceed Eight Thousand Dollars ($8,000.00), exclusive of interest, costs, and attorney's fees.

3. Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

4. Jurisdiction of this Court also arises where Defendant's tortious activity under the FCCPA occurred in the State of Florida.

5. Venue is proper in Hillsborough County, Florida, where Defendant has physical locations in Hillsborough County, Florida.

6. Venue is proper in Hillsborough County, Florida, where this tortious cause of action accrued in Hillsborough County.

7. Venue is also proper in Hillsborough County, Florida pursuant to Fla. Stat. § 559.77 (1) as a substantial part of the events or omissions giving rise to the claims occurred in this County.

## Parties

8. Plaintiff, Ms. Palmer, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8) and/or 15 U.S.C. § 1692a(3).

9. At all times material hereto, Defendant was and is a business with its principal place of business in the state of MN, and its registered agent, C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, FL 33324.

10. Further, at all times material hereto, Defendant is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a(6).

11. Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, defaulted consumer debts.

12. Defendant collects or attempts to collect defaulted debts owed to another using the telephone and mails.

## Statements of Fact

13. Ms. Palmer opened a credit card account with American Express for personal or household use that was assigned a unique account number ending 2003 ("Account").

14. Sometime thereafter, Ms. Palmer encountered financial difficulties and fell behind on her payments towards the Account, which incurred an outstanding balance owed thereunder ("Debt").

15. Under information and belief, the Account and Debt was then sold, assigned, or transferred to Defendant for collection purposes.

16. The Debt was in default status at the time it was sold, assigned, or transferred to Defendant for collection purposes.

17. Ms. Palmer never directly provided Defendant with prior consent to communicate any information in connection with the collection of the Debt with any persons.

18. At no time has a court of competent jurisdiction authorized Defendant to communicate any information in connection with the collection of the Debt with any persons.

19. At no time has Defendant needed to effectuate a postjudgment judicial remedy when communicating any information in connection with the collection of the Debt with any persons.

20. Despite Defendant failing to have Ms. Palmer's prior consent to communicate information in connection with the collection of the Debt with any persons, Defendant has communicated information in connection with the collection of the Debt to third-party vendors.

21. As part of its utilization of third-party vendors, Defendant conveyed information regarding the alleged Debt to at least one third-party vendor.

22. The information conveyed by Defendant to its third-party vendor included Ms. Palmer's personal identifying information, contact information, status as a debtor, the precise amount of the alleged Debt, the entity to which Ms. Palmer allegedly owed the Debt, and the fact that the alleged Debt concerned a defaulted debt of Ms. Palmer.

23. Defendant also conveyed that it was a debt collector attempting to collect a debt from Ms. Palmer to its third-party vendor(s).

24. Under information and belief, Defendant communicated information in connection with the collection of the Debt to a third-party vendor that provided risk assessments with respect to Ms. Palmer and the Account.

25. Under information and belief, Defendant communicated information in connection with the collection of the Debt to a third-party vendor that provided various scrubbing services with respect to Ms. Palmer and the Account.

26. Defendant also communicated information in connection with the collection of the Debt to third-party vendors that it used to send collection letters to Ms. Palmer.

27. The third-party vendor used the information from Defendant's communication in connection with the collection of the Debt to populate some or all information into a prewritten template that was then sent to Ms. Palmer.

28. For example, on or around May 29, 2021, Defendant used a third-party vendor to send a letter directly to Ms. Palmer in connection with the collection of an alleged debt owed on the Account. *See* **Exhibit A.**

29. Defendant's May 29, 2021 letter was addressed directly to Ms. Palmer, demanded a total amount due of $4,245.65, and represented that Defendant's May 29, 2021 letter was "an attempt to collect a debt and any information obtained will be used for that purpose." *See* **Exhibit A.**

30. All of Defendant's letters to Ms. Palmer were done in connection with the collection of the alleged Debt.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

31. Ms. Palmer re-alleges paragraphs 1-30 and incorporates the same herein by reference.

32. Ms. Palmer is a "consumer" within the meaning of the FDCPA.

33. The subject debt is a "consumer debt" within the meaning of the FDCPA.

34. Defendant is a "debt collector" within the meaning of the FDCPA.

35. Defendant's communication of information in connection with the collection of the Debt to the subject third-party vendor(s) is a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and prohibited under 1692c(b).

36. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692c(b) by communicating in connection with the collection of the Debt with person(s) other than Ms. Palmer, her attorney, or a consumer reporting agency without the prior consent of Ms. Palmer given directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a postjudgment judicial remedy.

37. As a result of the above violations of the FDCPA, Ms. Palmer has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

38. Defendant's actions have damaged Ms. Palmer by causing her stress.

39. Defendant's actions have damaged Ms. Palmer by causing her anxiety.

40. Defendant's actions have damaged Ms. Palmerby being an annoyance.

41. Defendant's actions have damaged Ms. Palmer by causing her aggravation.

42. It has been necessary for Ms. Palmer to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

43. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

b. Awarding actual damages;

c. Awarding costs and attorneys' fees;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **VANIA PALMER**, demands a trial by jury on all issues so triable.

Respectfully submitted this **January 31, 2022**,

/s/ Kaelyn Diamond
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
*Counsel for Plaintiff*

# EXHIBIT A

**Radius Global Solutions LLC**

Return Mail Only - Do not send mail to this address

PO BOX 358
RAMSEY NJ  07446-0358

500 North Franklin Turnpike, Ste 200, Mail Code - 747
Ramsey, NJ 07446

800-829-6136 or emailsupport.lat@radiusgs.com

OFFICE HOURS (EST):
8AM-5PM MONDAY - FRIDAY

05/29/2021

CHANGE SERVICE REQUESTED

Radius Global Solutions #: ▉▉▉▉▉8818

|ı|ı|ı|ıı||ı||ıı||ı|ı||ıı|ı|ı||ı||ı||ı|ı|ı|ı|ıı|ı|ı|

CREDITOR: AMERICAN EXPRESS
CREDITOR'S ACCOUNT #: XXXXXXXXXX▉2003
BALANCE: $4,245.65

VANIA PALMER
▉▉▉▉▉▉▉▉▉▉▉▉

Dear VANIA PALMER,

Please be advised that AMERICAN EXPRESS has requested that we assist them in the collection of the amount set forth above.

Unless you notify this office within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. Upon your written request within the thirty day period after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date of this letter, you owe $4,245.65. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment. For further information, write the undersigned or call 800-829-6136.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

You may contact Radius Global Solutions at the number above or email us at emailsupport.lat@radiusgs.com.  Please refer to the information below.

Sincerely,

Radius Global Solutions

By sending an email to our email address above, you are authorizing Radius Global Solutions to contact you at your email address.  If at any point you want to withdraw your email consent, please call us or send an email requesting to be un-enrolled. Please be advised that if you provide access to your email account to any other persons, such persons may be able to read the emails that we send to you. If you have provided your work place email, it may be subject to your employer's email monitoring policies and therefore may be read by your employer. Some written communications will continue to be sent via US Postal Service.

**NOTICE:  SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION**

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

Radius Global Solutions LLC
500 North Franklin Turnpike, Ste 200, Mail Code - 747
Ramsey, NJ 07446

800-829-6136

OFFICE HOURS (EST):
8AM-5PM MONDAY - FRIDAY

| Radius Global Solutions # | Balance Due |
|---|---|
| ▉▉▉▉▉8818 | $4,245.65 |

VANIA PALMER

Payment Amount: $_____
Make Payments to:
Secure Online Portal: makethispayment.com is available 24 hours a day to schedule payments, negotiate alternatives and manage your account.
Reference Number: ▉▉▉▉▉8818
PIN: ▉▉▉▉

Check here if your address or phone number has changed and provide the new information below.

Send Correspondence and Payments to:

RADIUS GLOBAL SOLUTIONS LLC
PO BOX 357
RAMSEY NJ  07446-0357

|ı|ı||ıı|ı|ı||ı|ı|ı|ı||ıı|ı|ı|ı|ı||ı|ı||ı|ı|ı|ıı|ı|ı|ı|

RGSRS001-0601-1564541127-00287-287

S7745700287